UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES W. NOLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:19-cv-0799 |
| | ) Judge Aleta A. Trauger |
| C.R. BARD INCORPORATED and | ) |
| BARD PERIPHERAL VASCULAR | ) |
| INCORPORATED, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM & ORDER

The Defendants have filed a Motion in Limine No. 8 to Exclude Evidence Post-Dating the Sale of the Subject Filter (Doc No. 134), to which plaintiff James W. Nolen has filed a Response (Doc. No. 159.) For the reasons set out herein, the motion will be granted, although the court will preserve a mechanism for seeking an exception to the court's ruling at trial.

The defendants manufactured and sold the Meridian Filter, a small, ostensibly retrievable barrier intended to be inserted into the inferior vena cava ("IVC") in order to intercept blood clots, such as those associated with deep vein thrombosis ("DVT"), before a clot can reach the lungs and cause a pulmonary embolism. Nolen suffered from DVT and received a Meridian Filter by surgical implantation on July 9, 2012. The filter has since become stuck in his IVC, and he is suing the defendants based on the allegedly defective design of the Meridian and the defendants' failure to warn the public (including Nolen and his physicians) of the risks associated with the Meridian. The defendants' motion asks the court to exclude the presentation of evidence that "arose" after

the July 9, 2012 implantation date[1] as irrelevant, because it could not have had any bearing on the design of the Meridian Filter or on the defendants' duty to warn. (Doc. No. 135 at 3.)

In Tennessee, "actions for or on account of personal injury . . . from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product" are "product liability actions" subject to the Tennessee Products Liability Act ("TPLA"). The TPLA provides, among other things, that "[a] manufacturer or seller of a product shall not be liable for any injury to a person or property caused by the product unless the product is determined to be in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller." Tenn. Code Ann. § 29-28-105(a). The TPLA further provides that, "[i]n making [that] determination, the state of scientific and technological knowledge available to the manufacturer or seller at the time the product was placed on the market, rather than at the time of injury, is applicable." Tenn. Code Ann. § 29-28-105(b). The defendants also point out that a post-sale duty to warn has "not been previously recognized in Tennessee," *Flax v. DaimlerChrysler Corp.*, 272 S.W.3d 521, 541 (Tenn. 2008), which, they argue, negates any possibility of a duty to warn arising after July 9, 2012.

Nolen points out that the Sixth Circuit has held, in a published case, that Tennessee does, at the very least, recognize a narrow claim based on an "assumed . . . duty to warn" that may arise after the defendant had already sent one warning on which the consumer relied. *Fox v. Amazon.com, Inc.*, 930 F.3d 415, 427 (6th Cir. 2019). Generally speaking, "when a panel of [the circuit court] has rendered a decision interpreting state law, that interpretation is binding on district courts in this circuit, . . . unless an intervening decision of the state's highest court has resolved the issue." *Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009) (quoting *Wankier v.*

---

[1] The defendants admit that they do not know when the specific filter that went into Nolen was sold, so they are treating the latest possible date of sale as the date of sale. (Doc. No. 135 at 3.)

*Crown Equip. Corp.*, 353 F.3d 862, 866 (10th Cir. 2003)); *but see Hampton v. United States*, 191 F.3d 695, 702–03 (6th Cir. 1999) (departing from prior panel opinion on state-law issue on the basis of intervening caselaw from intermediate court). The case cited by Nolen, however, involved a defendant that (1) was a third party that only facilitated the purchase of the device at issue, not the manufacturer or seller of the device, and (2) assumed any post-sale duty to warn by first voluntarily sending its own post-sale warning email, after which, the Sixth Circuit held, it may have had a duty to update that preceding warning. This case does not involve a third party that is accused of sending one post-sale warning and then failing to update that warning. Rather, Nolen argues that the defendants assumed a duty to provide post-sale warnings by first providing warnings through Bard's instructions for use ("IFU") sold *with* the Meridian Filter. *Fox v. Amazon.com, Inc.*, therefore, does not squarely resolve the question of whether there was a post-sale assumed duty to warn here.

"When resolving an issue of state law," a federal court must "look to the final decisions of that state's highest court, and if there is no decision directly on point, then [it] must make an *Erie* guess[2] to determine how that court, if presented with the issue, would resolve it." *In re Fair Fin. Co.*, 834 F.3d 651, 671 (6th Cir. 2016) (quoting *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 358–59 (6th Cir. 2013)). Although there is no way for the court to know for sure, the court's best guess is that the Tennessee Supreme Court would not adopt Nolen's position. Nolen's reasoning would mandate that any manufacturer that provided a point-of-sale warning would, at least potentially, assume a duty to provide further (and further) warnings as more information became available. Such a rule would, in practice, amount to a fairly robust post-sale duty to warn. It is striking, then, that Nolen has not been able to identify a single Tennessee case recognizing

---

[2] "*Erie* guess" refers to *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

such a duty. This court therefore finds that Tennessee law likely does not recognize an assumed post-sale duty to warn under the present facts, and Nolen cannot rely on such a duty to establish the relevance of post-sale evidence in this case.[3]

Nolen argues next that, even absent a post-sale duty to warn, the defendants' request for a bright-line rule forbidding the admission of evidence based on the date on which the evidence "arose" could result in the exclusion of probative evidence related to his design or point-of-sale failure to warn claim. Nolen is correct that it is at least *theoretically possible* that evidence that came into being after July 9, 2012 could be relevant to contested facts before that date—the way that, for example, a photograph taken of a skyscraper on a Friday is relevant, but not conclusive, evidence that the skyscraper likely existed the preceding Monday, because it typically takes more than four days for such a building to be built. The court does not object, in principle, to that kind of situation-specific analysis. Indeed, when the Tennessee Supreme Court concluded, in *Flax v. DaimlerChrysler Corp.*, that the trial court had improperly admitted post-sale evidence in support of a claim arising out of an alleged post-sale duty to warn, the court looked at the circumstances of the case to determine whether there had been any other "valid reason to admit the post-sale similar incidents," concluding only that, in that instance, there had not been. *Flax*, 272 S.W.3d at 543.

Nevertheless, the court is not inclined to leave a door wide open to likely irrelevant evidence based solely on the speculative possibility that a blanket exclusion could be overbroad. Nolen, moreover, has failed to establish that any specific post-July 9, 2012 evidence would actually be relevant to a pre-July 9, 2012 defective design or failure to warn claim (other than, of course,

---

[3] Of course, this issue is entirely separate from whether the manufacturer of a medical device might have a post-sale duty to warn under FDA regulations. Tennessee law can, at most, supplement federal obligations imposed in this highly regulated field.

4

the post-sale evidence of Nolen's own medical condition). For example, Nolen points out that the Meridian Filter's instructions for use ("IFU") were revised in February of 2013, about seven months after his procedure. If Nolen *did* somehow establish, based on evidence about the IFU drafting process, that the February 2013 revision likely reflected the defendants' knowledge of the facts in July 2012, then the limited post-sale evidence that could be tied back to the pre-sale status quo would, in fact, be relevant. Nolen has not, however, established that foundation, nor has he given the court reason to think that he will do so. The defendants' request for a general bar on post-sale evidence is, therefore, supported. The court does, however, recognize at least the possibility that Nolen could establish grounds for departing from that categorical rule. The court, accordingly, will permit Nolen to move, at trial, for an exception to the rule against post-sale evidence, if he has laid sufficient foundation for the evidence's relevance.

For the foregoing reasons, the defendants' Motion in Limine No. 8 to Exclude Evidence Post-Dating the Sale of the Subject Filter (Doc No. 134) is hereby **GRANTED**. It is hereby **ORDERED** that (1) Nolen shall not introduce evidence that is solely in support of a claim based on a post-sale duty to warn and (2) Nolen shall not introduce evidence related to the design or labeling of the Meridian Filter that arose after July 9, 2012, unless he establishes the foundation for the relevance of that evidence and moves the court at trial for an exception to this Order.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge